**In re Anonymous No. 12 D.B. 91**

Disciplinary Board Docket No. 12 D.B. 91.

*Hearing Committee,* June 3, 1991—We enclose herewith hearing committee determination under abbreviated procedure (Form DB-43) for the above-referenced matter duly executed by members of Hearing Committee [ ] with the requisite respon-

dent and petitioner's endorsements of acceptance, all dated May 31, 1991.

This matter came to hearing on May 31, 1991 before Hearing Committee [   ]. Respondent, [   ], was represented by counsel. Upon the conclusion of the presentation of the case by assistant disciplinary counsel, the hearing committee unanimously concluded that there was lack of a prima facie case to hold respondent in violation of the Rules of Professional Conduct or that respondent had committed any misconduct as a result of the alleged actions in the petition for discipline; whereupon, the petitioner and the respondent agreed to proceed under the abbreviated procedure found in Disciplinary Board Rule 89.181.

Briefly stated, this matter involved conduct by the respondent during a matter before a district justice wherein respondent was representing a client in a landlord/tenant dispute. It was alleged that the conduct of respondent was disruptive to the tribunal as a result of respondent's loud and aggressive objections on behalf of his client. Subsequent to the conclusion of the hearing, it appears that the district justice and the respondent engaged in a heated verbal exchange outside the district justice's courtroom and in the district justice's reception area.

At the hearing for this matter, the district justice testified that he would not have pursued charges in this matter at this time. What appeared from the testimony of the district justice and one other witness was that respondent appeared to be very aggressive in making his objections during the landlord/tenant matter, but upon careful review of all of the evidence, the hearing committee did not find that the prima facie elements of a violation of Rule 3.5(c) had been made. This rule specifically states that: "A lawyer shall not engage in any conduct

disruptive to a tribunal." Although the exchange during the landlord/tenant case may have been unnecessarily loud on the part of respondent, the district justice was able to render his decision and end the matter in a very short time frame. It appears that the heated exchange that occurred between the district justice and respondent occurred after the district justice had concluded this matter and the parties had left his courtroom.

It is, therefore, the conclusion of Hearing Committee [   ] that this matter be dismissed under the abbreviated procedure referenced above.

## Hearing Committee Determination

### (Verdict and Recommendation)

### Abbreviated Procedure

May 31, 1991—And now, pursuant to Rule 208(c)(1) of the Pa.R.D.E. (89.181 of the Disciplinary Board Rules), following the conclusion of a hearing on the above-captioned matter, the hearing committee announces to the parties to the hearing their determination as follows: No violation of the code found. Charges are dismissed.

### *Respondent Endorsement*

May 31, 1991—To chairman of Hearing Committee [   ],

My decision in regard to the determination of the hearing committee is as follows: accepted.

### *Petitioner Endorsement*

May 31, 1991—To chairman of Hearing Committee [   ],

The decision of the Office of Disciplinary Counsel in regard to the determination of the hearing committee is as follows: accepted.

## ORDER

And now, July 26, 1991, the report and recommendation of Hearing Committee [   ] filed June 7, 1991, pursuant to section 89.181 of the Disciplinary Board Rules, is accepted, and there being no exceptions filed; it is hereby ordered and decreed that the charges against [respondent], docketed at no. 12 D.B. 91, be dismissed.